# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN K. BOROWSKI, JR.,
      Plaintiff,

v.                                                                        Case No. 18-C-0009

HON. JOSEPH W. VOILAND, et al.,
      Defendants.

## DECISION AND ORDER

John Borowski, Jr., proceeding pro se, commenced a civil action under 42 U.S.C. § 1983 against various governmental officials in Ozaukee County.[1] His claims arise out of a series of events that are largely unrelated to each other, except that they all involve proceedings in Ozaukee County Circuit Court. These proceedings are: (1) a child-custody matter involving Borowski and a woman named Valerie Kufrin; (2) a divorce action and related domestic-abuse-injunction case involving Borowski and Gibson; (3) a criminal prosecution against Borowski in which the government alleged that Borowski made a threating Facebook post about a judge on the Ozaukee County Circuit Court; and (4) a criminal prosecution against Borowski in which the government alleged that

---

[1] Borowski also names his ex-wife, Debran Gibson, as a defendant. However, his claims are directed at the conduct of the governmental officials rather than Gibson herself. Although Borowski seems to contend that Gibson is liable under § 1983 because she conspired with some of the governmental defendants, his complaint includes no factual allegations giving rise to a reasonable inference that she entered into a conspiracy with these defendants to deprive the plaintiff of his rights. Therefore, the allegations against Gibson fail to state a claim upon which relief can be granted. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("a bare allegation of conspiracy [i]s not enough to survive a motion to dismiss for failure to state a claim").

Borowski physically abused a woman named Trisha Sizemore.[2] Two groups of defendants have filed dispositive motions. The defendants who are represented by the Wisconsin Department of Justice (the judges and the district attorney) have filed a motion to dismiss the complaint on various grounds. The remaining governmental defendants have filed a motion for judgment on the pleadings on various grounds. I address these motions, along with two administrative motions, in this order.

Initially, I note that Borowski purports to sue a number of non-suable county agencies, namely, the Ozaukee County Clerk of Court's Office, the Ozaukee County Child Support Agency, the Ozaukee County District Attorney's Office, and the Ozaukee County Sheriff's Department. *See, e.g., Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678–79 (E.D. Wis. 1999). All claims against these defendants will be dismissed. However, Borowski also names the relevant officials within these agencies as defendants, namely, the clerk of court and a deputy clerk of court, a child-support specialist, the county's district attorney, and the sheriff and the sheriff's deputies. Thus, the dismissal of these agencies does not have any substantive import.

The next issue is service of the summons and complaint. All defendants except Gibson (who has not appeared) move to dismiss on the ground that Borowski has not properly served them. Borowski has submitted the affidavit of his son, John Borowski III, who claims to have personally served the summons and complaint on Ozaukee

---

[2] Because Borowski alleges seemingly unrelated claims against different defendants, it is likely that his claims are not properly joined into a single suit. *See* Fed. R. Civ. P. 18(a) & 20(a)(2); *George v. Smith*, 507 F.3d 605, 607–08 (7th Cir. 2007). However, because all of Borowski's claims must be dismissed for other reasons, I do not explore this issue further.

County Sheriff James Johnson and his deputies, Nicholas Holzer and Dustin DeSmidt.[3] *See* ECF No. 22-1. However, Borowski III does not claim to have delivered copies of the summons and complaint to these defendants personally or to have completed abode service on them. Rather, he states that he left copies of the complaint with Christian Johnson, a person who worked in the main office of the sheriff's department. He then claims that he did this because Sheriff Johnson instructed him to deliver the summons and complaint to this person. This, however, is not a valid means of completing service on any defendant other than Johnson himself. Neither the Federal Rules of Civil Procedure nor the Wisconsin rules governing service allow service to be completed on an individual by leaving the summons and complaint with a person at the individual's workplace. *See* Fed. R. Civ. P. 4(e); Wis. Stat. § 801.11(1). The rules do allow service on an agent "authorized by appointment" to receive service, *see* Fed. R. Civ. P. 4(e)(2)(C), but there is no evidence that Holzer or DeSmidt authorized Christian Johnson to receive service for them. Sheriff Johnson may have authorized Christian Johnson to accept service for him, but Sheriff Johnson had no authority to appoint Christian Johnson as an agent for service on Holzer and DeSmidt. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005–06 (7th Cir. 2011). Thus, I will dismiss all claims against Holzer and DeSmidt without prejudice for improper service.

As for Sheriff Johnson, I will assume without deciding that he was properly served. However, the complaint does not allege that he was personally involved in any

---

[3] The Ozaukee County defendants mistakenly argue that the plaintiff himself served the sheriff and his deputies, and that therefore service was improper under Federal Rule of Civil Procedure 4(c)(2). *See* ECF No. 23 at 3. This mistake is understandable, as both the plaintiff and his son have the same name. However, the affidavit is signed by John Borowski III, not the plaintiff, John Borowski Jr.

3

of the events giving rise to Borowski's various claims.  *See, e.g., Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (no liability under § 1983 absent personal involvement).  Nor does the complaint allege plausible claims for failure to train or any other claim for supervisory liability permitted under § 1983.  Therefore, I will dismiss any potential claim against Johnson for failure to state a claim upon which relief can be granted.

It is also clear that Borowski did not properly serve defendant Ozaukee County.  Borowski submits an affidavit by a person named Aaron Dyszelski, who states that he served a copy of the summons and complaint on Ozaukee County by serving Ozaukee County's Clerk of Court, Mary Lou Miller.  *See* ECF No. 10-2 at p. 4 of 7.  But the Ozaukee County Clerk of Court has no authority to receive service on behalf of the county.  *See* Fed. R. Civ. P. 4(j)(2); Wis. Stat. § 801.11(4).  Therefore, all claims against Ozaukee County will be dismissed without prejudice for improper service.

As for the other governmental defendants, Borowski claims that Dyszelski served some of them.  *See* ECF No. 10-2.  These defendants, however, challenge the factual statements made in Dyszelski's affidavit.  Borowski also contends that those defendants that Dyszelski has not yet been able to serve have been evading service.  He asks that the court order that service be made on these defendants by the U.S. Marshals Service.  *See* Fed. R. Civ. P. 4(c)(3).  As explained below, all claims against the remaining defendants who challenge service and the remaining defendants who allegedly are evading service must be dismissed for reasons unrelated to service.  Therefore, I will not further explore whether these defendants have been properly served or whether the

4

Marshals Service should be ordered to serve those defendants who have been allegedly evading service.

I now turn to Borowski's claims. His first claim arises out of a child-custody matter involving Borowski and Valerie Kufrin. *See* Am. Compl ¶¶ 20–33. During this proceeding, the judge (defendant Sandy A. Williams) appointed a guardian ad litem and ordered Borowski to pay guardian ad litem fees. Eventually, the judge determined that Borowski was indigent and ordered Ozaukee County to advance the guardian ad litem fees. *See* Wis. Stat. § 767.407(6). In February 2014, the underlying custody case was transferred to the Milwaukee County Circuit Court. But on January 29, 2016, a judgment was entered in Ozaukee County Circuit Court requiring Borowski to reimburse the county for the guardian ad litem fees. *See* Am. Compl. Ex. A, ECF No. 5-1 a p. 10 of 257. Borowski seems to be alleging that this judgment somehow violates his constitutional rights and also constitutes a violation of the Fair Debt Collection Practices Act. Although it is not exactly clear who the intended defendants are, it appears that they are Judge Williams, the Ozaukee County Clerk of Court (Mary Lou Mueller), and the deputy clerk who entered the judgment (Carrie Anne Mihalko).

There are a number of reasons why this claim must be dismissed. First, it is clearly barred by the *Rooker-Feldman* doctrine because it is complaining of an injury caused by a state court judgment—the judgment for payment of guardian ad litem fees. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine prevents lower federal court from exercising subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

5

inviting district court review and rejection of those judgments").[4]  Second, none of the defendants to this claim qualifies as a "debt collector" within the meaning of the Fair Debt Collection Practices Act.  15 U.S.C. § 1692a(6).  Finally, all of the potential defendants would be entitled to absolute immunity.  *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009).[5]  Accordingly, all claims based on the order to collect guardian ad litem fees will be dismissed.  The dismissal will be for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine.

Borowski next makes a number of allegations concerning events that occurred during a divorce case involving him and Gibson and a related civil action that Gibson brought against him in which she sought and received a domestic-abuse injunction.  *See* Am. Compl. ¶¶ 34–47.  But here it is impossible to detect any colorable federal claim.  Borowski generally alleges that the court sided with Gibson on many issues and that he did not like the way the court handled the case.  But none of these allegations

---

[4] Borowski suggests that the judgment for guardian ad litem fees was non-final and therefore not appealable, which he believes makes the *Rooker-Feldman* doctrine inapplicable.  However, under Wisconsin law, an order for payment of guardian ad litem fees is appealable.  *See Seiler v. Riha*, Nos. 2011AP1319, 2011AP1485, 2013 WL 5225717 (Wis. Ct. App. Sept. 18, 2013) (entertaining appeal from order requiring reimbursement of guardian ad litem fees).  Borowski notes that there is no order accompanying the judgment, but a judgment is itself appealable.  *See* Wis. Stat. § 808.03(1).

[5] Borowski contends that the defendants are not entitled to absolute immunity because they acted "in the clear absence of all [subject-matter] jurisdiction."  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  He contends that they lacked jurisdiction because, before the judgment for guardian ad litem fees was entered, venue of the underlying custody case was transferred to Milwaukee County.  However, Borowski cites no authority suggesting that this transfer of venue deprived the Ozaukee County court of subject-matter jurisdiction to enter an order to collect guardian ad litem fees that the County paid while the case was pending in its court.  Thus, Borowski has not shown that the defendants acted in the clear absence of all jurisdiction.  *See also* Wis. Stat. § 767.407(6) (allowing court to enter a "separate judgment" for reimbursement of guardian ad litem fees in favor of the county that paid such fees).

suggest that the defendants deprived him of a federal right. Borowski mentions the due-process clause, but he does not identify any process to which he was entitled by federal law but did not receive. Borowski does allege that he was denied hearings on some motions, *see, e.g.,* Am. Compl. ¶ 83, but a litigant does not have a due-process right to a hearing on every motion he files in a civil case. Borowski also alleges that the court would not allow him to represent himself in the divorce case, but there is no federal constitutional right to self-representation in a civil case. *See Pappas v. Philip Morris USA Inc.*, No. 16-cv-932, 2017 WL 6629298, at *3 (D. Conn. June 21, 2017). Borowski also mentions the Second Amendment, but the orders could not have deprived him of a right under that Amendment.

Moreover, Borowski is complaining about injuries caused by the orders entered in the divorce case and the domestic-abuse-injunction case, and therefore any possible federal claim related to these orders would likely be barred by the *Rooker-Feldman* doctrine. I say "likely" because Borowski alleges that he was not allowed to appeal one of the orders entered in that case, s*ee* Am. Compl. ¶ 47, and therefore it is possible that he did not have a "reasonable opportunity to litigate" in state court with respect to this one order. *See Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 901–02 (7th Cir. 2010) (noting that exception to *Rooker-Feldman* doctrine applies where plaintiff was not afforded a reasonable opportunity to litigate claims in state court). However, because it is clear that Borowski has no colorable federal claim involving this order or any other orders in the divorce or the domestic-abuse-injunction case, I must dismiss his allegations involving these matters for lack of jurisdiction even if the *Rooker-Feldman* doctrine does not apply. *See Greater Chicago Combine & Center, Inc. v. City of*

7

*Chicago*, 431 F.3d 1065, 1069–70 (7th Cir. 2005) (federal court lacks subject-matter jurisdiction over purported federal claims that are "insubstantial or frivolous"). I also note that the domestic-relations exception to federal subject-matter jurisdiction would bar any claim challenging orders entered in the divorce case. *See Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

Included in his allegations about the divorce case is a single paragraph directed at defendant Brittany Quaas, who is one of Ozaukee County's child-support case workers. Borowski alleges that Quaas "sent out illegal garnishment notices" to collect child-support payments. Am. Compl. ¶ 86. This claim must be dismissed. First, it is barred by the *Rooker-Feldman* doctrine because it is challenging an injury inflicted by a state-court garnishment order. *See Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014) (holding that *Rooker-Feldman* bars claims alleging injury caused by state-court garnishment order). Second, it is barred by the domestic-relations exception to federal subject-matter jurisdiction because it involves an order ancillary to a child-support order. *See Friedlander*, 149 F.3d at 740 (noting that the "penumbra" of the domestic-relations exception includes proceedings to collect domestic-support obligations). Therefore, all claims against Quaas will be dismissed for lack of jurisdiction.

Borowski's third claim involves his criminal prosecution for the Facebook post.[6] This prosecution was started after Gibson's attorney notified the Ozaukee County Sheriff's Department that Borowski had made a Facebook post that could be construed

---

[6] When he filed this case, Borowski sought to have this criminal case and the other one involving Sizemore's abuse allegations removed to federal court. However, since Borowski filed his complaint, both criminal cases have been resolved: Borowski was acquitted of all charges in the Facebook-post case, and the prosecutor dismissed the charges in the Sizemore case. Thus, Borowski has withdrawn his request for removal. *See* ECF No. 25 at 3–4.

as a threat to Judge Voiland. Borowski attaches a print-out of the Facebook post to his complaint. It reads as follows:

> I'm a white man being deprived of my child for unjust causes. I have absolutely no criminal record. I barely drink and am constantly subjected to drug and alcohol tests required by the FRA. Children now 22 and almost 20 who can attest to my parenting. Who's with me to riot and loot the court house. Possibly the judges [sic] neighborhood? I want to really put a test to "white privilege" and "male" superiority.
>
> I don't think taking a knee or destroying my own neighborhood will do any good.

See ECF No. 5-1 at p. 218 of 257. After Deputy Holzer investigated this post and signed a criminal complaint, defendant Gerol charged Borowski with threatening a judge and threatening the property of a judge. See id. at pp. 216–17. A jury eventually acquitted Borowski of both charges.

Borowski alleges that Holzer (who has already been dismissed for lack of proper service) and Gerol initiated this criminal prosecution to retaliate against him for exercising his First Amendment right to free speech. The speech at issue was the Facebook post itself. But a person does not have a First Amendment right to make threats. *See, e.g., United States v. Parr*, 545 F.3d 491, 496–97 (7th Cir. 2008). Obviously, Borowski believes that his post was not a true threat, but this was an issue for the jury to decide. *Id.* Holzer and Gerol's initiating the criminal case and alleging that the post was a threat could not itself be viewed as an act of First Amendment retaliation. Therefore, Borowski was not deprived of his First Amendment rights. In any event, Holzer has already been dismissed from this case for lack of proper service, and Gerol has absolute immunity. *See Brunson v. Murray*, 843 F.3d 698, 704 (7th Cir. 2016) (prosecutor has absolute immunity "for signing the charging document itself and

9

initiating a prosecution"). Therefore, all claims relating to the Facebook prosecution will be dismissed.[7]

Interspersed within Borowski's allegations concerning the Facebook post are allegations about an ex parte restraining order against Borowski that the Ozaukee County court granted to Gibson. See Am. Compl. ¶¶ 104–110. Borowski seems to allege that the court's granting this restraining order on an ex parte basis deprived him of due process. Again, however, Borowski is complaining of an injury caused by a state-court order, and therefore this claim is barred by *Rooker-Feldman*. Moreover, the only potential defendant to this claim would be the judge who granted the restraining order, and this judge is not identified in the complaint and possibly is not a defendant. If this judge is a defendant, he or she would have absolute immunity. Therefore, any claims based on this restraining order must be dismissed. Although it is possible that Borowski intends for Gibson to also be a defendant to this claim, any such claim against her would fail because Gibson was not a state actor and was not responsible for providing Borowski with due process. As noted in footnote one of this opinion, any claim that Gibson conspired with the judge is implausible.

Borowski's remaining claims involve the criminal prosecution arising out of Sizemore's allegation that Borowski physically abused her. See Am. Compl. ¶¶ 120–29. Borowski alleges that, on December 16, 2017, Sizemore tried to break into his house. When Borowski caught her trying to break in, Sizemore called the police. When Deputy

---

[7] Borowski also alleges that Judge Voiland, the supposed target of the Facebook post, encouraged either the sheriff's deputy or the prosecutor to bring charges against Borowski based on the post. See Am. Compl. ¶¶ 101–02. However, Voiland's encouraging these officials to prosecute Borowski for what Voiland perceived as a threat would not itself violate any of Borowski's federal rights.

10

DeSmidt arrived, Sizemore told DeSmidt that Borowski had pushed her one month earlier. DeSmidt then arrested Borowski for domestic violence. Borowski was charged with several counts of battery and domestic abuse in connection with Sizemore's allegations. *See* ECF No. 5-1 at pp. 256–57. However, Sizemore later recanted her allegations of abuse, and the charges against Borowski were dismissed.

Borowski alleges that Deputy DeSmidt did not have probable cause to arrest him for domestic violence based on Sizemore's allegation that he had pushed her. However, I have already dismissed DeSmidt from this case for improper service. Borowski also seems to allege that the initiation of the criminal prosecution somehow deprived him of his rights. However, the deputy who signed the criminal complaint as the complaining witness, Holzer, has also been dismissed for improper service. Borowski has not named the district attorney who signed the criminal complaint as a defendant, but even if he had, the district attorney would have absolute immunity. *Brunson*, 843 F.3d at 704. Therefore, all claims arising out of the Sizemore prosecution must be dismissed.

So far, I have discussed only Borowski's attempts to state federal claims. However, Borowski also alleges a claim for intentional infliction of emotional distress under state law. *See* Am. Compl. ¶¶ 139–41. But because the complaint does not state any colorable federal claims and the parties are not diverse, I do not have jurisdiction over this state-law claim.

As explained above, all of Borowski's claims will be dismissed. I have considered granting Borowski leave to amend to attempt to state a viable federal claim, but I conclude that no amendment could cure the defects identified above. The lack of

DeSmidt arrived, Sizemore told DeSmidt that Borowski had pushed her one month earlier. DeSmidt then arrested Borowski for domestic violence. Borowski was charged with several counts of battery and domestic abuse in connection with Sizemore's allegations. *See* ECF No. 5-1 at pp. 256–57. However, Sizemore later recanted her allegations of abuse, and the charges against Borowski were dismissed.

Borowski alleges that Deputy DeSmidt did not have probable cause to arrest him for domestic violence based on Sizemore's allegation that he had pushed her. However, I have already dismissed DeSmidt from this case for improper service. Borowski also seems to allege that the initiation of the criminal prosecution somehow deprived him of his rights. However, the deputy who signed the criminal complaint as the complaining witness, Holzer, has also been dismissed for improper service. Borowski has not named the district attorney who signed the criminal complaint as a defendant, but even if he had, the district attorney would have absolute immunity. *Brunson*, 843 F.3d at 704. Therefore, all claims arising out of the Sizemore prosecution must be dismissed.

So far, I have discussed only Borowski's attempts to state federal claims. However, Borowski also alleges a claim for intentional infliction of emotional distress under state law. *See* Am. Compl. ¶¶ 139–41. But because the complaint does not state any colorable federal claims and the parties are not diverse, I do not have jurisdiction over this state-law claim.

As explained above, all of Borowski's claims will be dismissed. I have considered granting Borowski leave to amend to attempt to state a viable federal claim, but I conclude that no amendment could cure the defects identified above. The lack of

proper service on certain of the defendants cannot be cured by an amendment to the complaint, it is now too late for Borowski to effect proper service, *see* Fed. R. Civ. P. 4(m), and I will not extend the time for Borowski to complete service. Most of the rest of Borowski's claims are barred by jurisdictional doctrines or absolute immunity, and no amendment to the complaint could cure these problems. To the extent that I have dismissed parts of the complaint for failure to state a claim, I conclude that granting Borowski leave to amend would be futile because the underlying federal claims are not colorable and therefore no amendment could save them. *See Foman v. Davis*, 371 U.S. 78, 182 (1962) (court may deny leave to amend when the amendment would be futile). Accordingly, I will direct the Clerk of Court to enter final judgment dismissing this action in its entirety.

For the reasons stated, **IT IS ORDERED** that the state defendants' motion to dismiss (ECF No. 12) and the Ozaukee County defendants' motion for judgment on the pleadings (ECF No. 16) are **GRANTED**. Defendants Ozaukee County Clerk of Court, Ozaukee County Child Support Agency, Ozaukee County District Attorney's Office, and Ozaukee County Sheriff's Department are dismissed as parties. All claims against Nicholas Holzer, Justin DeSmidt, and Ozaukee County are dismissed without prejudice for improper service. All claims against Sheriff Johnson are dismissed for failure to state a claim upon which relief can be granted. All claims based on the order to collect guardian ad litem fees are dismissed without prejudice for lack of subject-matter jurisdiction. All claims based on the divorce action, the child-support garnishment, and the domestic-abuse-injunction and restraining-order cases are dismissed without prejudice for lack of subject-matter jurisdiction. All claims based on the Facebook post

that were not dismissed for improper service are dismissed for failure to state a claim. All claims based on the Sizemore allegations that were not dismissed for improper service are dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Borowski's motion for a stay and for a hearing (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Ozaukee County defendants' motion to stay discovery (ECF No. 17) is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2018.

                                                  s/Lynn Adelman
                                                  LYNN ADELMAN
                                                  District Judge